UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| LGI Energy Solutions, Inc., | Bky. Case No. 09-40665-RJK |
| and | |
| LGI Data Solutions Company, LLC, | Bky. Case No. 09-40666-RJK |
| Debtors. | |
| (Substantively consolidated cases) | |

| | |
|---|---|
| John R. Stoebner, Trustee, | Adv. No. 11-_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Cleco Corporation, | |
| Defendant. | |

For his Complaint against the above-named Defendant, Plaintiff John R. Stoebner the trustee of the Chapter 7 bankruptcy estates of LGI Energy Solutions, Inc. and LGI Data Solutions Company, LLC ("Debtors"), states and alleges as follows:

## PARTIES

1. Plaintiff is the duly appointed trustee ("Trustee") of Debtors' Chapter 7 bankruptcy estates.

2. Defendant Cleco Corporation ("Defendant") is a Louisiana corporation doing business at 2030 Donahue Ferry Road, Pineville, Louisiana 71360.

## JURISDICTION AND VENUE

3. Debtors' bankruptcy cases were commenced by separate involuntary Chapter 7 bankruptcy petitions filed on February 6, 2009 (the "Petition Date"). An Order for Relief in each

1

case was entered on March 3, 2009. Debtors' cases are pending in this Court. The cases were substantively consolidated pursuant to Court Orders dated February 2, 2011.

4. This action is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule of Bankruptcy Procedure 1070-1. As an action to avoid and recover preferential and fraudulent transfers, this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue is properly before the Court pursuant to 28 U.S.C. § 1409(a).

6. By this action, Plaintiff seeks to avoid transfers of Debtors' interest in property pursuant to 11 U.S.C. §§ 547 and 548, and applicable provisions of state law made available to the Trustee under 11 U.S.C. § 544 and to recover the value of the avoided transfers pursuant to 11 U.S.C. § 550(a), and to preserve the avoided transfers pursuant to 11 U.S.C. § 551. Plaintiff reserves the right to amend the Complaint, to the extent required or permitted by the Federal Rules of Bankruptcy Procedure, to seek avoidance of other transfers of Debtors' property that are revealed or discovered in the course of this action.

## FACTS

7. Upon information and belief, during the six years prior to the Petition Date, Debtors made multiple transfers of Debtors' funds to or for the benefit of Defendants (the "Transfer(s)").

## CLAIMS AGAINST DEFENDANT

### COUNT ONE
### AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

8. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

9. Plaintiff brings this Count One in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

10. During the 90 days prior to the Petition Date the Debtors made the following payments to Defendant as set forth below:

| ACCOUNT ENDING | DATE NEGOTIATED | CHECK NO. | CHECK AMOUNT |
| --- | --- | --- | --- |
| 3321 | 11/12/2008 | 6076566 | $4,336.01 |
| 3321 | 11/18/2008 | 6078286 | $4,163.62 |
| 3321 | 11/12/2008 | 6078509 | $9,580.83 |
| 3321 | 11/25/2008 | 6079796 | $4,173.64 |
| 3321 | 11/25/2008 | 6080936 | $8,320.99 |
| | | | **$30,575.09** |

The payments as set forth above are referred to as "90 Day Transfer(s)."

11. The 90 Day Transfer(s) were made within 90 days before the Petition Date.

12. Each of the 90 Day Transfer(s) constitutes a transfer of Debtors' interest in property.

13. Upon information and belief, Defendant was a creditor of Debtors.

14. Upon information and belief, the 90 Day Transfer(s) were made for or on account of an antecedent debt owed by Debtors to Defendant.

15. The 90 Day Transfer(s) were made to or for the benefit of Defendant.

16. Debtors were insolvent at the time the 90 Day Transfer(s) were made.

17. By virtue of the 90 Day Transfer(s), the Defendant received more than it would have received if the Debtors' estates had been liquidated under Chapter 7, the 90 Day Transfer(s) had not occurred, and the Defendant had received payments of the debts to the extent permitted by the Bankruptcy Code.

18. Plaintiff is entitled under 11 U.S.C. § 547(b) to avoid the 90 Day Transfer(s).

19. Plaintiff is entitled under 11 U.S.C. § 550(a) to recover the avoided 90 Day Transfer(s), or the value thereof.

## COUNT TWO
## AVOIDANCE OF FRAUDULENT TRANSFERS -- 11 U.S.C. § 548

20. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

21. Plaintiff brings this Count Two in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

22. During the two years prior to the Petition Date, a number of Transfer(s) were made by Debtors to Defendant or for the benefit of Defendant for no or inadequate consideration (the "Two-Year Transfer(s)"). The Two-Year Transfer(s) include but are not limited to the 90 Day Transfer(s) set forth above. The total amount of the Two-Year Transfer(s) will be proven at trial.

23. The Two-Year Transfer(s) constitute a transfer of Debtors' interest in property.

24. The Two-Year Transfer(s) were made within two (2) years prior to the Petition Date.

25. Upon information and belief, the Two-Year Transfer(s) were made with the actual intent to hinder, delay or defraud Debtors' then-present and future creditors.

26. Upon information and belief, Debtors received less than reasonably equivalent value for the Two-Year Transfer(s).

27. At all times material hereto, Debtors: (a) were insolvent on the date the Transfer(s) was/were made or became insolvent as a result of the Two-Year Transfer(s), and/or (b) were engaged in businesses or transactions, or were about to engage in businesses or transactions, for which the property remaining with Debtors after the Two-Year Transfer(s) was effectuated constituted unreasonably small capital, and/or (c) at the time of the Two-Year

Transfer(s), intended to incur, or believed that Debtors would incur, debts that would be beyond their ability to pay as the debts matured.

28. Upon information and belief, Debtors had at least one creditor at the time of the Two-Year Transfer(s) that remained a creditor at the time of the filing of Debtors' petition.

29. Plaintiff is entitled under 11 U.S.C. § 548(a) to avoid the Two-Year Transfer(s).

30. Plaintiff is entitled under 11 U.S.C. § 550(a) to recover the avoided Two-Year Transfer(s), or the value thereof, from Defendant.

## COUNT THREE
## FRAUDULENT TRANSFERS -- MINN. STAT. §§ 513.44 *et seq.*

31. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

32. Plaintiff brings this Count Three in addition and in the alternative to all other claims stated in this Complaint, without prejudice to Plaintiff's right to elect remedies.

33. Upon information and belief, during the six years prior to the Petition Date, a number of Transfer(s) were made by Debtors to Defendant or for the benefit of Defendant for no or inadequate consideration (the "Six-Year Transfer(s)"). The Six-Year Transfer(s) include but are not limited to the 90 Day Transfer(s) set forth above. The total amount of the Six-Year Transfer(s) will be proven at trial.

34. The Six-Year Transfer(s) constitute a transfer of Debtors' interest in property.

35. The Six-Year Transfer(s) were made within six (6) years prior to the Petition Date.

36. Upon information and belief, the Six-Year Transfer(s), were made with the actual intent to hinder, delay or defraud Debtors' then-present and future creditors.

37. Upon information and belief, Debtors received less than reasonably equivalent value for the Six-Year Transfer(s).

5

38. At all times material hereto, Debtors: (a) were insolvent on the date the Six-Year Transfer(s) was/were made or became insolvent as a result of the Six-Year Transfer(s), and/or (b) were engaged in a business or transaction, for which the remaining assets of the Debtors after the Six-Year Transfer(s) was effectuated constituted unreasonably small capital in relation to the business transaction, and/or (c) at the time of the Six-Year Transfer(s), intended to incur, or believed or reasonably should have believed that Debtors would incur, debts that would be beyond their ability to pay as the debts matured.

39. Upon information and belief, Debtors had at least one creditor at the time of the Six-Year Transfer(s) that remained a creditor at the time of the filing of Debtors' petition.

40. The Six-Year Transfer(s) are fraudulent within the meaning of either or both of Minn. Stat. §§ 513.44(a) and 513.45(a).

41. Debtors' creditors whose claims arose before or after such Six-Year Transfer(s) were made would be entitled under Minn. Stat. § 513.47 to avoid all Six-Year Transfer(s) made within the prior six years to the extent necessary to satisfy such creditors' claims. By operation of 11 U.S.C. § 544(b)(1), the Trustee is entitled to avoid such Six-Year Transfer(s).

## COUNT FOUR – OBJECTION TO CLAIM

42. Plaintiff restates and realleges, as if set forth fully herein, all preceding paragraphs.

43. Plaintiff brings this Count Four in addition and/or in the alternative to all other claims stated in this Complaint, without waiving Plaintiff's right to elect remedies.

44. Pursuant to 11 U.S.C. § 502(d), Defendant's claim, if any, in Debtors' bankruptcy cases shall be disallowed unless Defendant first pays the amount for which it is liable to Plaintiff under 11 U.S.C. § 550(a).

# PRAYER FOR RELIEF

**WHEREFORE**, and without electing remedies, Plaintiff respectfully demands the following relief:

A. On Count One, judgment against Defendant (1) avoiding the 90 Day Transfer(s) pursuant to 11 U.S.C. § 547(b); (2) awarding Plaintiff the value of the 90 Day Transfer(s) plus interest; and/or (3) preserving the avoided 90 Day Transfer(s) for the benefit of the bankruptcy estates.

B. On Counts Two and Three, judgment against Defendant (1) avoiding the Two-Year and Six-Year Transfer(s) pursuant to 11 U.S.C. § 544(b); (2) awarding Plaintiff the value of the avoided Two-Year and Six Year Transfer(s) plus interest thereon; and/or (3) preserving the avoided Two-Year and Six-Year Transfer(s) for the benefit of the bankruptcy estates.

C. On Count Four, disallowance of Defendant's claim, if any, in Debtors' bankruptcy cases to the extent provided by 11 U.S.C. § 502(d).

D. Judgment against Defendant awarding Plaintiff his reasonable costs, fees, and disbursements.

E. Such other and further relief as the Court may deem just and equitable.

Dated: March 2, 2011

LAPP, LIBRA, THOMSON, STOEBNER & PUSCH, CHARTERED

By: /e/ Rosanne H. Wirth
Rosanne H. Wirth (#137479))
Julia A. Christians(#157867)
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN 55402
T (612) 338-5815
F (612) 338-6651
**ATTORNEYS FOR PLAINTIFF
JOHN R. STOEBNER, TRUSTEE**